UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

——————

ALPHA OUMAR DIALLO,

                Petitioner,

v.

KEVIN RAYCRAFT et al.,

                Respondents.

_____/

Case No. 1:26-cv-2123

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, and complaint for declaratory and injunctive relief. (Pet., ECF No. 1.) For the following reasons, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

### **Discussion**

### I.    **Procedural History**

In Petitioner's § 2241 petition, he challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or provide Petitioner with a bond hearing where the government bears the burden of proof by clear and convincing evidence that Petitioner is a flight risk or danger to the community. (Pet., ECF No. 1, PageID.24–25.) In an order entered on July 27, 2026, the Court

directed Respondents to show cause, within three business days, why the writ of habeas corpus should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the March 26, 2026, bond hearing on July 29, 2026, (Resp., ECF No. 5; Recording of Mar. 26, 2026, Bond Hearing, filed on July 29, 2026.)

## II.    Factual Background

Petitioner is a citizen of Guinea who entered the United States in November 2023, without inspection. (Pet., ECF No. 1, PageID.7.) On July 9, 2025, Petitioner was detained by ICE. (*Id.*)

On March 4, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Diallo v. Raycraft* (*Diallo I*), No. 1:26-cv-728 (W.D. Mich.). In *Diallo I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & Jud., *Diallo I*, (W.D. Mich. Mar. 19, 2026), (ECF Nos. 7, 8).

On March 26, 2026, Petitioner received a bond hearing pursuant to § 1226(a). (Resp., ECF No. 5, PageID.51.) At the close of the bond hearing, while discussing the type of habeas order received from the federal District Court, the Immigration Judge stated:

It seems the burden is still on [Petitioner].

(Recording of Mar. 26, 2026, Bond Hearing at 4:44–4:50, filed on July 29, 2026.) At the conclusion of that hearing, the Immigration Judge denied Petitioner's request for bond in a written order, stating that "the Court finds the bond record fails to demonstrate the [Petitioner] is not a flight risk." (Order Immigration Judge, ECF No. 1-1, PageID.29.)

**III.    Analysis**

Respondents argue that the Court should deny Petitioner's § 2241 petition due to a lack of jurisdiction and Petitioner's failure to exhaust Petitioner's administrative remedies, as well as on the merits. The Court has fully addressed these issues and Respondents' arguments in *Soto-Medina v. Lynch*, 817 F. Supp. 3d 612 (W.D. Mich. 2026). Therefore, for the reasons set forth in *Soto-Medina*, the Court will conditionally grant Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**IV.    Other Claims and Other Forms of Relief**

Because the Court will conditionally grant Petitioner's § 2241 petition as set forth herein, the Court does not address other claims and other requested relief in Petitioner's § 2241 petition.

<u>**Conclusion**</u>

The Court will order Respondents to provide Petitioner with an individualized bond hearing before an immigration judge, at which time the government will have the burden to demonstrate dangerousness or flight risk by clear and convincing evidence, within five business days and with notice to the Parties as soon as practicable, no later than 24 hours prior to the scheduled hearing, or, in the alternative, immediately release Petitioner from custody. The Court will also order Respondents to file a status report within six business days of the date of this Court's Opinion and Judgment to certify compliance with this Opinion and the corresponding Judgment. The status report shall include if and when the bond hearing occurred, if bond was granted or

3

denied, and if bond was granted, the conditions of the bond, or if bond was denied, the reasons for

the denial.


Dated:      August 6, 2026              /s/ Jane M. Beckering                
                                        Jane M. Beckering
                                        United States District Judge